## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| David Miller, | |
| Plaintiff, | Case No. 14 C 1407 |
| v. | |
| Thomas J. Dart, et al., | Judge John Robert Blakey |
| Defendants. | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff David Miller, formerly an inmate in the Cook County Department of Corrections, has sued under 42 U.S.C. §1983 alleging violation of his Eighth Amendment right to be free from cruel and unusual punishment.[1] Miller sued Sheriff Thomas J. Dart, Cook County, the Cook County Department of Corrections, Cermak Health Services, Dr. Jack Liu and numerous Doe Defendants. The defendants have moved to dismiss Miller's claim against Sheriff Dart, the Cook County Department of Corrections, Cermak Health Services and the Doe Defendants. The motion is granted.

---

[1] The complaint does not state whether Miller was a pretrial detainee or a convicted person during the relevant time period. But if he was a pretrial detainee, his claim would be governed by the Fourteenth Amendment and not the Eighth Amendment, which applies only to convicted persons. *E.g., Minix v. Canarecci*, 597 F.3d 824, 830-31 (7th Cir. 2010). The Court's analysis is the same in either case for present purposes. But counsel may wish to consider whether the distinction may become important later in the proceedings.

<u>Background & Procedural History</u>

Miller submitted his complaint [1] on February 26, 2014, along with an application for leave to proceed in forma pauperis [3]. The Court granted him leave to proceed in forma pauperis, dismissed the complaint without prejudice and recruited counsel to represent him [5]. With the assistance of his recruited counsel, Miller then filed an amended complaint on April 24, 2015 [14]. The amended complaint alleges that, while an inmate in the CCDOC, Miller experienced inhumane treatment and an extreme and unreasonable delay in receiving medical care for a serious medical condition. Amended Complaint [14], ¶1. He seeks redress pursuant to 42 U.S.C. §1983 for violation of his Eighth Amendment right. *Id.*, ¶¶15-33.

With regard to the allegations against specific defendants, Miller alleges that Dart "was given custody and charge of Miller and was responsible for Miller's protection, as well as for the hiring, training and supervision of all personnel necessary to operate and maintain the CCDOC. He is sued in his official capacity." *Id.*, ¶8. With respect to the Doe Defendants, Miller alleges that these defendants (the case caption names Does 1-45, but the substantive allegations refer to Does 1-24) "were, at all times relevant herein, employees of the Cook County who had responsibility for ensuring David received proper medical services." Amended Complaint [14], ¶12. Miller sues each defendant in both his individual and official capacities. *Id.*, ¶¶12-13.

Miller alleges that he suffered from tooth pain and first requested medical attention for that pain in February 2012. *Id.*, ¶15. Miller was evaluated by Dr. Liu, a dentist with Cermak Health Services, on February 8, 2012 and told that his wisdom tooth was growing horizontally to his gum line and that three teeth (17, 30 and 32) were impacted. *Id.,* ¶17. At that time, Miller was also advised that Cook County Jail did not have the necessary resources available to perform surgery to remove the impacted teeth and that he would have to go to Stroger Hospital for the surgery. *Id.*, ¶19. Dr. Liu gave him ibuprofen and ordered follow up visits. *Id.*, ¶20. Dr. Liu saw Miller again on July 24, 2012; by that time, Miller's face was swollen and he was unable to eat, swallow or sleep. *Id.*, ¶¶21-22. Miller was prescribed antibiotics on September 17, 2012, October 1, 2012, November 5, 2012, November 15, 2012, November 30, 2012, December 7, 2012, January 22, 2013, March 1, 2013 and March 18, 2013. *Id.*, ¶28. Miller alleges that this "excessive and dangerous overuse of antibiotics failed to address the true medical condition of impacted teeth." *Id.*, ¶29. Although the complaint does not expressly say so, it appears that Miller had surgery in May 2013.

Miller alleges that "Dr. Liu knew David faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to correct it" and that "Dr. Liu provided David with inadequate medical care in violation of his constitutional rights by . . . acting with deliberate indifference to [his] serious medical need . . . ." *Id.*, ¶¶30-31.

Miller also alleges that

[t]he practice or custom include the following tactics by the Cook County Jail, which are used so frequently that they amount to an official policy of the Cook County Jail:

e. Responding to David's and other detainees' complaints of mistreatment, including failure to provide medical attention, with inadequate investigations and grievance responses calculated to mislead the public and which show a deliberately indifferent attitude towards official misconduct;

f. Delaying investigations and treatment for months and even years;

g. Creating an atmosphere where medical personnel are discouraged from treating inmates' injuries and adequately documenting the injuries;

h. Providing no protection or incentives for medical personnel at Cook County to treat inmates' injuries promptly and adequately and to document the injuries appropriately, and instead provided protection for medical personnel to refuse timely treatment and omit documentation of medical care.

*Id.*, ¶32. Miller seeks compensatory and punitive damages from all defendants, as well as costs and attorney's fees.

The defendants moved to dismiss the complaint as to the Cook County Department of Corrections, Cermak Health Services, Sheriff Dart and the Doe Defendants. For the following reasons, the motion is granted.


Discussion & Analysis

Under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the Plaintiff, accept as true all well-pleaded facts and draw reasonable inferences in her favor. *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013); *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). Statements of law,

however, need not be accepted as true. *Yeftich*, 722 F.3d at 915. To survive a motion under Rule 12(b)(6), the complaint must "state a claim to relief that is plausible on its face." *Yeftich*, 722 F.3d at 915. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

A.     CCDOC and Cermak Health Services

Defendants first argue that the Cook County Department of Corrections and Cermak Health Services are not suable entities and that, as a result, the claim against these defendants must be dismissed. In response to the motion, Miller concedes that his claims against these entities may not proceed, and rightly so. *See, e.g., Service Employees International Union, Local 73 v. Cook County*, No. 13 C 2935, 2014 WL 793114, at *4 (N.D. Ill. Feb 26, 2014)(Cermak Health Services is not a suable entity); *Castillo v. Cook County Mail Room Department*, 990 F.2d 304, 307 (7th Cir. 1993)("Cook County Department of Corrections is not a suable entity"). Accordingly, the motion to dismiss is granted as to these defendants.

B.     The Doe Defendants

Defendants next argue that the allegations against the Doe Defendants must be dismissed because Miller "fails to allege any action taken by 'John Does 1-45' against Plaintiff in violation of Plaintiff's constitutional rights." Motion to Dismiss [10], p. 3. The defendants also emphasize the ambiguity in terms of the number of defendants, given that the caption of the complaint identifies 45 Doe Defendants and the substantive allegations of the complaint identify 24 Doe Defendants.

In response, Miller clarifies that he is suing 45 Doe Defendants, not 24, and argues that it is proper to name defendants in this manner until such time as he learns the defendants' true identities. He argues that the sheer number of employees at the CCDOC prevents him from naming those involved in the deprivation of his constitutional rights.

Although Miller has accurately stated the theory behind naming Doe Defendants, his allegations do not implicate anyone but Dr. Liu. Miller has pled no facts that support a reasonable inference that any Doe Defendant was personally involved in the constitutional deprivation. The Amended Complaint does not include any substantive allegations directed at any Doe Defendant; rather, the substantive allegations of the complaint are directed solely and exclusively against Dr. Liu. Accordingly, the Court agrees that the allegations are insufficient as a matter of law to state a claim against any Doe Defendant. To the extent Miller is able to amend his complaint to include allegations against Doe Defendants that allow the parties to ascertain specific employees' identities – and is able to do so consistent with his obligations under Rule 11 and the relevant statute of limitations – Miller is given leave to amend his complaint.

C.    <u>Sheriff Thomas Dart</u>

Next, defendants move to dismiss the complaint against Sheriff Dart in both his personal and his official capacities. The defendants first argue that the claim against Dart in his personal capacity fails as a matter of law because Miller does not allege any facts indicating that Dart was personally aware of Miller's condition

or was otherwise personally involved in the alleged constitutional violations. Miller concedes that he may not proceed against Dart in his personal capacity, and, given the lack of any allegations of personal involvement on Sheriff's Dart's part, the claim against Sheriff Dart personally is dismissed. *See, e.g., Pikul v. Dart*, No. 13 C 6585, 2014 WL 287535, at *2 (N.D. Ill. Jan. 27, 2014)(individual liability under §1983 requires personal involvement in the alleged constitutional violation).

The defendants argue that the claim against Sheriff Dart in his official capacity should also be dismissed. Defendants argue that Dart is not responsible for providing Miller's day-to-day dental care and is not responsible for staffing medical professionals at Cermak Health Services. In response, Miller argues that Dart has a non-delegable duty to provide medical care to inmates and that he is an appropriate defendant in light of the *Monell* claim.

It is true that Sheriff Dart is exclusively charged with the custody and care of the county jail and is, therefore, the proper defendant named in a *Monell* claim against the jail (really, the Cook County Sheriff's Office). However, Miller's *Monell* claim is deficient in two important respects and, accordingly, the claim fails despite the fact that he may have named the right person.

Under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), "[l]ocal governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell*, 436

U.S. at 690. "On the other hand, the language of § 1983 . . . compels the conclusion that Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Id.* at 691. For liability to attach under *Monell*, the official policy must be the "moving force of the constitutional violation." *Monell*, 436 U.S. at 694. Whatever the evidence of deliberate indifference, the plaintiff must "show a direct causal connection between the policy or practice and his injury, in other words that the policy or custom was 'the moving force [behind] the constitutional violation.'" *Rice ex rel. Rice v. Correctional Medical Services*, 675 F.3d 650, 675 (7th Cir. 2012)(quoting *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389 (1989)).

Sheriff Dart – in his official capacity as the head of the Sheriff's Office – may be liable under §1983 only if the alleged constitutional violations resulted from the execution of one of its policies. *Monell*, 436 U.S. at 694. "This may be established by alleging: (1) an express policy that caused the constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled that it constitutes a policy; or (3) that the constitutional injury was caused by a person with final policymaking authority." *Armour v. Country Club Hills*, No. 11 C 5029, 2014 WL 63850, at \*5 (N.D. Ill. Jan. 8, 2014)(citing *Lewis v. City of Chicago*, 496 F.3d 645, 656 (7th Cir. 2007)).

Miller does not allege an express policy; nor does he allege that his constitutional injury was caused by a person with final policymaking authority.

Rather, he relies upon the second option, alleging that his injury was caused by a practice or custom that is used so frequently that it amounts to an official policy of the Cook County Jail – practices and customs that include responding to complaints of mistreatment "with inadequate investigations and grievance responses calculated to mislead the public"; "[d]elaying investigations and treatment for months and even years"; "[c]reating an atmosphere where medical personnel are discouraged from treating inmates' injuries and adequately documenting the injuries"; and "[p]roviding no protection or incentives for medical personnel at Cook County to treat inmates' injuries promptly and adequately and to document the injuries appropriately."  Amended Complaint, ¶33.

In this case, Miller's *Monell* claim is largely (but not entirely) deficient on the causation front.  Accepting as true that the jail had these policies, Miller has not alleged "a direct causal connection between the policy or practice and his injury."  Miller has alleged four "tactics" employed at the jail "that are used so frequently that they amount to an official policy" of the jail.  Amended Complaint [14], ¶32.  He alleges that the jail has a policy of responding to complaints of mistreatment "with inadequate investigations" and to grievances in a way that is "calculated to mislead the public . . . ."  *Id.,* ¶32(e).  But he has not alleged that anyone responded to his complaint with an inadequate investigation or that anyone responded to his grievances with calculation designed to mislead; nor has he alleged that he suffered any harm as a result of this policy.

Instead, he simply alleges that the jail has a policy of "[c]reating an atmosphere where medical personal are discouraged from treating inmates' injuries and adequately documenting the injuries," *id.*, ¶32(g). But he has not alleged that Dr. Liu was discouraged from treating him or that his injuries were inadequately documented. Likewise, he alleges that the jail has a policy of "[p]roviding no protection or incentives for medical personnel at Cook County to treat inmates' injuries promptly and adequately and to document the injuries appropriately," *id.*, ¶32(h), but he has not alleged that Dr. Liu failed to treat him promptly because of some disincentive or the lack of any protection; nor has he alleged that Dr. Liu failed to document his injuries. Miller has not alleged that any of these policies was the driving force behind the constitutional violation he suffered.

More importantly, Miller's *Monell* claim also pleads no facts to support a reasonable inference that the Sheriff's Office engaged in "a widespread practice that is so permanent and well-settled that it constitutes a custom or policy." To establish municipal liability under §1983, a plaintiff must present sufficient evidence to show that the constitutional violation resulted from a municipal policy, custom, or practice. *Monell*, 436 U.S. at 694. "This requirement 'distinguish[es] acts of the municipality from acts of employees of the municipality, and thereby make[s] clear that municipal liability is limited to action for which the municipality is actually responsible.'" *Waters v. City of Chicago*, 580 F.3d 575, 580-81 (7th Cir. 2009)(quoting *Estate of Sims ex rel. Sims v. County of Bureau*, 506 F.3d 509, 515 (7th Cir. 2007). To establish liability on the part of the Sheriff's Office, Miller must

demonstrate that within the office there was a widespread practice that was so permanent and well-settled that it constituted a custom or policy. *Waters*, 580 F.3d at 580. Miller alleged no facts to support the existence of a widespread practice; he merely alleged the existence of a widespread practice. Such conclusory allegations are not enough.

To survive a motion to dismiss, "factual allegations must be more than '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Olson v. Champaign County, Ill.*, 784 F.3d 1093, 1099 (7th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678). To state a *Monell* claim against the Sheriff's Office for violation of Miller's Eighth Amendment right, Miller must plead "factual content that allows the court to draw the reasonable inference" that the Sheriff's Office "maintained a policy, custom, or practice of intentional discrimination against a class of persons to which [Miller] belonged." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011)(citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Monell*, 436 U.S. at 694, *Srail v. Village of Lisle, Ill.*, 588 F.3d 940, 943 (7th Cir. 2009).

Although there is no clear consensus as to how frequently the conduct complained of must occur, the Seventh Circuit has given some guidance and determined that one incident is not enough and three likely is not enough either. *Thomas v. Cook County Sheriff's Department*, 604 F.3d 293, 303 (7th Cir. 2009)(citing *Cosby v. Ward*, 843 F.2d 967, 983 (7th Cir. 1988); *Gable v. City of Chicago*, 296 F.3d 531, 538 (7th Cir. 2002)). Regardless, "the plaintiff must

demonstrate that there is a policy at issue rather than a random event." *Thomas v. Cook County Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2010). Simply alleging that there is a policy at issue is not enough. Miller's only allegation suggesting that anyone else may have been affected by the policies he challenges states that the policy included "[r]esponding to David's and other detainees' complaints of mistreatment, including failure to provide medical attention, with inadequate investigations . . . ." Amended Complaint [14], ¶32(e). Even if Miller had alleged causation with respect to this one policy (he has not), "other detainees" – without more – is not enough to state a *Monell* claim. And Miller does not allege that anyone other than him was harmed by the alleged policy of "delaying investigations and treatment for months and even years." With respect to the other policies identified, not only does he not allege than anyone else was harmed by them, he does not even allege that he was harmed by them. Miller's *Monell* claim against the Sheriff's Office is dismissed without prejudice.

## Conclusion

In light of the foregoing, defendants' motion to dismiss [19] is granted. Miller's claim is dismissed with prejudice as against the Cook County Department of Corrections, Cermak Health Services and Sheriff Thomas J. Dart in his personal capacity, and dismissed without prejudice as to the Doe Defendants and Sheriff Dart in his official capacity. To the extent Miller can amend his complaint consistent with his obligations under Rule 11, he is given leave to file a second

amended complaint by November 5, 2015. Regardless of any amendment, the case may proceed against the non-moving defendants, Cook County and Dr. Liu.

Date: October 21, 2015

ENTERED:

John Robert Blakey
United States District Judge